UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION | ) 3:12-MD-02385-DRH-SCW ) ) MDL NO. 2385 ) ) CHIEF JUDGE DAVID R. HERNDON |
| *THIS DOCUMENT RELATES TO:* | |
| LEIGH ANN WIRAM, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BRENDA SMART, ET AL., <br><br>  PLAINTIFF, <br><br> VS. <br><br> BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL., <br><br>  DEFENDANTS. | ) CASE NO. 3:14-CV- 50130-DRH-SCW ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANT BOERHINGER INGELHEIM PHARMACEUTICALS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF DEADLINES [DOC. NO. 3] AND COMBINED MOTION TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED WITH PREJUDICE**

Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") submits this Opposition to Plaintiffs' Motion for Extension of Deadlines and moves for an entry of an order to show cause why Plaintiffs' claims should not be dismissed with prejudice for failure to file an Initial Claimant Identification Certification as required by Case Management Order 76 – Initial

1

Claimant Identification Certification Order.[1] Defendant also requests that the Court dismiss this action with prejudice if Plaintiff does not show good cause for the non-compliance.

In the event the Court does not dismiss Plaintiffs' claims with prejudice for failing to file the required Initial Claimant Identification Certification, Defendant opposes the Plaintiffs' Motion for Extension of the Deadlines to Serve and File Preservation Notices and Discovery. Defendant respectfully requests that this Court enforce the deadlines and obligations of Case Management Order No. 78 - Requirements for Preservation of Records and *Prima Facie* Evidence of Usage, Injury and Causation ("CMO 78" or "Implementation Order"), including issuing a motion to show cause why Plaintiffs' case should not be dismissed for failure to comply with the Implementation Order.

### A. A Show Cause Order Should Be Entered for Plaintiffs' Failure to File an Initial Claimant Identification Certification Form As Required by CMO 76.

On February 7, 2014, this case was directly filed into MDL 2385 *In Re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation.* [Doc. No. 2] On May 29, 2014, the Court entered CMO 76 - The Initial Claimant Identification Certification Order in MDL 2385. CMO 76 requires that within seven (7) days of the entry of the Order, counsel of record in a case pending before this Court shall certify "the identities of the plaintiffs, civil action numbers and jurisdiction of each case filed by said counsel" and file an Initial Claimant Identification Certification form with the Court. Such certifications were essential to the orderly settlement and further administration of these cases, as the certifications formed the basis of the information used by the settlement administrator and counsel to identify the universe of cases, including any cases that did not ultimately opt-in to the settlement. Any cases that were certified and that did not opt-in were required to meet the requirements of CMO 78, and if they did not, were provided

---
[1] Although named in the caption, Boehringer Ingelheim International GmbH was never served with the Complaint in this case.

deficiency notices as contemplated by CMO 78. As this Court is aware, motion practice followed with respect to cases that failed to cure the applicable CMO 78 deficiencies. There was no certification filed pursuant to CMO 76 in this case and, as a result, it was not identified as a case that had not opted-in to the settlement until Plaintiffs' filing of the instant Motion.

Because every counsel with a pending Pradaxa MDL case was required to file an Initial Claimant Identification Certification, and because counsel in this case did not file such a certification, Plaintiffs should be subject to a Show Cause Order as to why Plaintiffs failed to comply with CMO76 and the express terms of the Master Settlement Agreement ("MSA"). *See* CMO76 and MSA.

> **B.    If This Case Is Allowed to Proceed, the CMO 78 Requirements and Deadlines Should Be Enforced and a Show Cause Order Should Be Entered for Plaintiffs' Failure to Comply with CMO 78.**

On May 29, 2014, this Court also entered CMO 78, the Implementation Order, which applies to all plaintiffs (1) who had pending personal injury claims in this MDL at the time CMO 78 was entered and (2) who do not opt-in to the voluntary settlement program, as well as (3) all plaintiffs with personal injury claims later filed in, removed to, or transferred to this MDL after the entry of CMO 78.

As an action filed in the MDL prior to the voluntary settlement program deadline of July 9, 2014, Plaintiffs were required to opt-in to the master settlement, request an extension for more time to opt-in, or abide by the requirements of CMO 78. Plaintiffs did not seek an extension or opt-in to the settlement by July 9, 2014 ("Opt-In Deadline") and, as a result, became subject to the requirements of CMO 78. Plaintiffs' CMO 78 deadlines were as follows:

**July 19, 2014**    Sections I.A. and B.: deadline to send written notices of records preservation to applicable pharmacies and healthcare providers.

**July 24, 2014**   Section II. A-C.: deadline to produce (1) Plaintiff Fact Sheet ("PFS"), (2) all pharmacy records for five year period prior to date of alleged injury to present; (3) all medical records related to Plaintiff from all healthcare providers listed in PFS from five years prior to date of alleged injury to present, and (4) an affidavit attesting that all records have been collected from all pharmacies and healthcare providers and have been produced according to CMO 78.

**July 29, 2014**   Section I.C: deadline to certify to defendants that all records preservation notices were sent and provide copies.

**August 8, 2014**   Section II. D. and E.: deadline to produce expert reports on general and specific causation in accordance with CMO 78 and Fed. R. Civ. P. 26.

Plaintiffs did not produce any of the required information or documents by the CMO 78 deadlines.

CMO 78 provides that, other than certain cure periods permitted in the event a plaintiff fails to comply with the applicable deadlines, "no other extensions will be granted." Defendant therefore opposes the Plaintiffs' request to extend the deadlines under CMO 78 and will pursue enforcement of the applicable deadlines with additional show cause motions as necessary. Upon receiving Plaintiffs' Motion—which was its first notice that this case was not an opt-in since no certification was ever filed—BIPI promptly sent a deficiency letter as required under CMO 78 and will pursue further relief as applicable. Had Plaintiffs provided the necessary certification under CMO 76, the case would have been identified as a non-opt-in on or shortly after July 9, 2014, and the deficiency process would have been fully complete already.

As this Court stated at a recent Case Management Conference:

> The implementation mechanism is extraordinarily important, and failure to follow the order of the Court in that respect must be -- failure to comply with the Court's order will be met with dismissal, and so if we don't have that compliance then the cases just will not progress. So even if one intended to opt out and proceed further, [it] just simply won't happen if the plaintiffs fail to follow the implementation order.

4

(Trans. of Proceedings of Status Conference Aug. 26, 2014, at p. 4, ln. 9 – 17).  It is apparent from Plaintiffs' Motion that they have been aware of the settlement agreement, the Court's Orders and their CMO 78 obligations and deficiencies.  It would be contrary to the design of the settlement agreement and the purpose of CMOs 76 and 78 to allow Plaintiffs to do nothing for several months and then seek relief that is not permitted under the terms of the CMOs.

Defendant therefore respectfully requests that the Court deny the Plaintiffs' Motion for the Extension of Deadlines and that the Court order Plaintiffs to show cause why their claims should not be dismissed with prejudice for failure to comply with the requirements of the MSA, CMO 76 and CMO 78.  Defendant will supplement this Motion as necessary as the cure periods permitted under CMO 78 and BIPI's previously submitted deficiency notice expire.

Respectfully submitted, this the 27th day of October, 2014.

>*/s/ Eric E. Hudson*
>Eric E. Hudson (TN #022851)
>BUTLER SNOW LLP
>6075 Poplar Avenue, Suite 500
>Memphis, TN 38119
>Phone: (901) 680-7200
>eric.hudson@butlersnow.com
>
>Dan H. Ball (#6192613)
>BRYAN CAVE LLP
>211 North Broadway, Suite 3600
>St. Louis, MO 63102-2750
>Phone:  (314) 259-2000
>dhball@bryancave.com
>
>Paul W. Schmidt (DC #472486)
>COVINGTON & BURLING LLP
>1201 Pennsylvania Avenue NW
>Washington, D.C. 20004
>Phone: (202) 662-6000
>pschmidt@cov.com
>
>*Attorneys for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.1 and Case Management Order No.1, Paragraph 5, I hereby certify that a copy of the foregoing document was filed through the Court's ECF system. Notice of this filing will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: October 27, 2014

*/s/ Eric E. Hudson*
Eric E. Hudson