# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION | 3:12-MD-02385-DRH-SCW <br><br> MDL No. 2385 <br><br> Judge David R. Herndon |
| LEIGH ANN WIRAM, as personal representative of the Estate of Brenda Smart, on Behalf of Herself and VICKIE KERN, RANDALL SMART, and PAULA SMART, <br><br> Plaintiffs, <br><br> v. <br><br> BOEHRINGER INGEHLHEIM PHARMACEUTICALS, INC., et al. | Case No. 14-50130-DRH-SCW |

## LOCAL RULE 7.1 STATEMENT

Plaintiffs file the attached reply brief pursuant to Local Rule 7.1(c). Local Rule 7.1(c) allows a party to file a reply brief in support of a motion "in exceptional circumstances." As explained in the attached reply brief, exceptional circumstances exist here. Accordingly, Plaintiffs respectfully file a reply brief in support of their motion to extend deadlines.

{00032582() }

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION | 3:12-MD-02385-DRH-SCW<br><br>MDL No. 2385<br><br>Judge David R. Herndon |
| LEIGH ANN WIRAM, as personal representative of the Estate of Brenda Smart, on Behalf of Herself and VICKIE KERN, RANDALL SMART, and PAULA SMART,<br><br>     Plaintiffs,<br><br>v.<br><br>BOEHRINGER INGEHLHEIM PHARMACEUTICALS, INC., et al. | Case No. 14-50130-DRH-SCW |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR EXTENSION OF DEADLINES**

   Plaintiffs, Leigh Ann Wiram, as Personal Representative of the Estate of Brenda Smart and on behalf of herself, Vickie Kern, Randall Smart and Paula Smart ("Plaintiffs") file this Reply in Response to Defendant's Opposition to Plaintiffs' Motion for Extension of Deadlines (the "Motion") in accordance with Local Rule 7.1(c). Exceptional circumstances exist, as the denial of Plaintiffs' Motion effectively extinguishes their claims—claims which are premised on the death of their mother, Brenda Smart, allegedly due to her use of Pradaxa—even though Defendant Boehringer Ingehlheim Pharmaceuticals, Inc. ("BIPI") will suffer absolutely no prejudice whatsoever if the Motion is granted. In addition, counsel for the Defendant has consented to the filing of this reply.

### A. Defendants Motion for a Show Cause Order pursuant to CMO #76

Defendants have asked the Court to dismiss Plaintiffs' claims with prejudice for failing to file an Initial Claimant Identification Certification pursuant to Case Management Order ("CMO") #76. First, CMO #76 does not provide for such relief if Counsel for Pradaxa Claimants fail to file. Second, Plaintiffs' Counsel did not have the necessary information to comply with CMO #76. Further, BIPI claims in its Opposition that the failure of Counsel for Plaintiffs to file the necessary Claimant Identification Certification prevented Defense Counsel from identifying this case. To the contrary, Defense Counsel communicated with Plaintiffs' Counsel on February 19, 2014, in response to the filing of the initial Complaint. In that correspondence, a representative from Butler Snow LLP, Lead Counsel for BIPI, requested that Plaintiffs dismiss the Complaint against three of the named Defendants, and Plaintiffs' Counsel agreed to do so. A copy of this email thread is attached hereto and incorporated herein as Exhibit A. There can be doubt that Defense Counsel knew of the existence of Plaintiffs' claims shortly after their complaint was filed.

Additionally, good cause exists to allow Plaintiffs' claims to continue despite the absence of a Claimant Identification Certification for the following reasons:

1. The untimely death of Plaintiffs' mother, Brenda Smart, allegedly due to her use of the Defendant's drug, Pradaxa, caused confusion and severe emotional distress to her four adult children;

2. Two of Brenda Smart's adult children suffered serious health issues after their mother's death, causing additional confusion and delay in the administration of their mother's estate;

3. Unforeseen issues and disputes among the decedent's four adult children concerning the litigation caused delay in pursuing claims of the estate and the individual children;

4. Ms. Smart's four adult children were unable to resolve estate issues and access necessary medical records;

5. As a result of the facts set forth in Paragraph 1 through 4 above, Plaintiffs' Counsel did not have sufficient information to comply with CMO #76; and

6. Despite the good faith efforts on the part of the decedent's children and Plaintiffs' Counsel, there was unavoidable delay in probating the estate and gathering the necessary information to opt-in to any Settlement Agreement in this litigation. This further complicated the process of obtaining medical records necessary to participate in the Settlement Agreement and comply with subsequent discovery deadlines.

BIPI has long been aware of Plaintiffs' claims. Undersigned counsel has in good faith engaged in correspondence and multiple telephone conversations with BIPI's counsel, who has been sympathetic to Plaintiffs' position and even apologetic that his client will not agree to the relief sought in the Motion. Defense Counsel indicated that he has been instructed by the Defendant to oppose every aspect of every non-settled claim with the goal of preventing any further recovery. Accordingly, his client now will not agree to any attempt to extend the deadlines set forth in CMO #76 despite the fact that BIPI is in no way prejudiced by the extensions sought. The granting of Plaintiff's Motion will simply allow them additional time to comply with the CMO's and will afford them the opportunity pursue their claims against BIPI.

**B.     Defendant's Motion for a Show Cause order pursuant to CMO #78.**

For all the reasons stated above, Plaintiffs assert that the denial of their Motion to Extend the Deadlines set forth in CMO #78 will result in their being unjustly barred from pursuing their claims against BIPI for the death of their mother.

Plaintiffs' and Defendant's counsel have met and conferred in an attempt to resolve the Motion. In accordance with CMO #78, Plaintiffs sent certification of their Notice of Preservation of

Documents, simultaneously with their Motion. This filing triggered the Defendant's Notice of Deficiencies dated October 16, 2014 (a copy of which is attached hereto and incorporated herein as Exhibit B). As stated in Attorney Hudson's letter, "Absent receipt of the required materials within the applicable cure periods set forth in CMO 78, we will proceed to file a Motion to Show Cause and seek dismissal of this action." The time period in which Plaintiffs have in accordance with CMO #78 and the October 16, 2014 letter has not lapsed. Pursuant to CMO #78, the Plaintiffs have until November 5, 2014 to cure any deficiencies cited in Attorney Hudson's letter. In addition, Plaintiffs' counsel responded to Attorney Hudson's deficiency letter on October 22, 2014. A copy of that letter is attached hereto and incorporated herein as Exhibit C. That letter led to further telephone discussions between Plaintiffs' counsel and Attorney Hudson on Friday, October 24, 2014, and Monday, October 27, 2014. At all times Attorney Hudson was professional, sympathetic and apologetic when he explained his client's position with respect to the Motion, but indicated that Defendant intended to oppose every single claim going forward on a global basis. Contrary to what is stated in Defendant's Opposition, during these discussions, Attorney Hudson indicated:

1. If Plaintiffs were able to cure the deficiencies cited in his October 16th letter (which is their fundamental right under CMO #78), he would not challenge the certification;

2. That the parties should submit a request with the Plaintiffs' Steering Committee ("PSC") and attempt to opt-in to the Settlement. Plaintiffs proposed this to a member of the PSC, and were preliminarily rejected; and

3. His client, BIPI, would in effect engage in a scorched earth defense and oppose any and all additional claims, regardless of their merit.

Without the Court's granting of Plaintiffs' Motion, the Plaintiffs are left with no reasonable recourse and would be barred from pursuing any further claims against BIPI for the untimely death of their mother, Brenda Smart, due to her use of Pradaxa. Now that the issues between the four

adult children of the deceased are resolved, and the estate is able to participate in the prosecution of its claims, Plaintiffs merely seek a limited extension of time to cure the deficiencies cited in Attorney Hudson's letter with the production of medical records and the expert report.

Plaintiff, Leigh Ann Wiram, Personal Representative, and her counsel fully recognize and appreciate this Honorable Court's extraordinary efforts in presiding over and managing this difficult MDL.  Ms. Wiram respectfully asserts, however, that she and her counsel certainly did not engage in any intentional or willful non-compliance with this Court's Orders.  The facts and circumstances concerning the death of Mrs. Smart and the resulting subsequent difficult interaction between her adult children temporarily delayed their prompt compliance with the Court's Orders Nos. 76 and 78.  Ms. Wiram, as the Personal Representative, is diligently and expeditiously attempting to comply with CMO #78 and the deficiency letter.  At no time, however, did the Plaintiffs or counsel engage in any contumacious, egregious or willful misconduct to justify what the Defendant requests in its Opposition, the drastic remedy and total extinction of Plaintiffs' causes of action through a dismissal with prejudice.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant the brief extensions of the deadlines as requested in their Motion.

Dated: October 29, 2014	Respectfully submitted,

   */s/ Kenneth G. Gilman*
Kenneth G. Gilman, Esq.
kgilman@gilmanpastor.com
GILMAN LAW LLP
8951 Bonita Beach Road, Suite 525
Bonita Springs, FL  34135-4208
Telephone:  (888) 252-0048
Facsimile:  (207) 956-7529

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2014 the foregoing was filed electronically via the CM/ECF system, which will automatically send e-mail notification to all attorneys of record.

                                              */s/ Kenneth G. Gilman*
                                               Kenneth G. Gilman

{00032582() }