UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

---

| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

---

**This Document Relates to:**

LEIGH ANN WIRAM, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF BRENDA SMART, ET AL.,

    PLAINTIFF,                                        NO. 3:14-CV- 50130-DRH-SCW

VS.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC., ET AL.,

    DEFENDANTS.

## ORDER DENYING MOTION FOR EXTENSION

**HERNDON, District Judge:**

### I. INTRODUCTION

This matter is before the Court on plaintiffs' motion for extension of Case Management Order Number 78 ("CMO 78")[1] (Doc. 3) deadlines and on defendant Boehringer Ingelheim Pharmaceuticals Inc.'s ("BIPI") motion to show cause why case should not be dismissed with prejudice for failure to comply with Case Management Order Number 76 ("CMO 76") (Doc. 4). For the reasons stated herein, the Court finds as follows:

---

[1] CMO 78 is MDL 2385 Doc. 519.

- Plaintiffs' motion for extension of deadlines under CMO 78 is **DENIED**. The Court requires strict compliance with the provisions of CMO 78.
- BIPI's motion to show cause why the action should not be dismissed with prejudice for failure to comply with the certification requirements of CMO 76 is **DENIED**, with leave to refile in accord with the provisions set forth in CMO 76.
- Plaintiffs are reminded that their action will be subject to dismissal WITH prejudice in accord with the provisions of CMO 78 for failure to comply with the requirements of CMO 78.

## II. CASE MANAGEMENT ORDER NUMBER 76

On May 29, 2014, the Court entered CMO 76 - The Initial Claimant Identification Certification Order in MDL 2385. CMO 76 requires that within seven (7) days of the entry of the Order, counsel of record in a case pending before this Court shall certify "the identities of the plaintiffs, civil action numbers and jurisdiction of each case filed by said counsel" and file an Initial Claimant Identification Certification form with the Court. Such certifications were essential to the orderly settlement and further administration of these cases, as the certifications formed the basis of the information used by the settlement administrator and counsel to identify the universe of cases, including any cases that did not ultimately opt-in to the settlement. Any cases that were certified and

that did not opt-in were required to meet the requirements of CMO 78, and if they did not, were provided deficiency notices as contemplated by CMO 78.

There was no certification filed pursuant to CMO 76 in the above captioned case. According to BIPI, because every counsel with a pending Pradaxa MDL case was required to file an Initial Claimant Identification Certification and because counsel in this case did not file such a certification, plaintiffs should be subject to a Show Cause Order as to why plaintiffs failed to comply with CMO 76 and the express terms of the Master Settlement Agreement ("MSA"). BIPI also requests that the Court dismiss this action with prejudice if plaintiffs do not show good cause for failing to comply with CMO 76.

CMO 76, however, does not provide for the remedy requested by BIPI. With regard to non-compliance, CMO 76 provides as follows:

> 3. If any counsel has been retained by a person claiming an injury by virtue of taking Pradaxa, and counsel fails to include said person in the Initial Claimant Identification Certification ordered herein:
>
>> (a) said counsel shall, upon Motion by Defendants show cause within 21 days thereafter, as to why said counsel failed to comply with this Order, and therefore should not be disqualified from representing such Pradaxa Claimants for a failure to accurately include such person within the Registration Certification ordered herein.

(b) in any future lawsuit filed on behalf of such person, the terms of this Court's Implementation Order, entered on this date, shall be complied with;

(MDL 2385 Doc. 517 ¶ 3).

The relief sought by BIPI for failure to comply with CMO 76 is not provided for in CMO 76. Therefore, the motion to show cause why the case should not be <u>dismissed with prejudice</u> for failure to comply with CMO 76 is **DENIED**. Should it choose to do so, BIPI is granted leave to file a motion to show cause why counsel failed to comply with CMO 76 and should not be disqualified from representing the plaintiffs.

### III. CASE MANAGEMENT ORDER NUMBER 78

CMO 78 applies to all plaintiffs (1) with personal injury claims pending in this MDL at the time CMO 78 was entered and (2) who did not opt-in to the voluntary settlement program, as well as (3) all plaintiffs with personal injury claims later filed in, removed to, or transferred to this MDL after the entry of CMO 78. CMO 78 is applicable to the plaintiffs in the above captioned case.[2]

Pursuant to Section I.A. of CMO 78, plaintiffs are required to send a written notice to pharmacies and healthcare providers requesting preservation of records.

---

[2] CMO 78 was filed on May 29, 2014 (MDL 2385 Doc. 519). The above captioned member action was direct filed in this MDL on February 7, 2014 (Doc. 2). As an action filed in the MDL prior to the voluntary settlement program deadline of July 9, 2014, Plaintiffs were required to opt-in to the master settlement, request an extension for more time to opt-in, or abide by the requirements of CMO 78. Plaintiffs did not seek an extension or opt-in to the settlement by July 9, 2014 ("Opt-In Deadline") and, as a result, became subject to the requirements of CMO 78.

CMO 78 also requires service of a signed certification verifying that all notices were sent as required. Sections II.A.- C. of CMO 78 require plaintiffs to produce a number of documents and things. First, plaintiffs are required to serve a Plaintiff Fact Sheet ("PFS") and authorizations in compliance with CMO 15. Second, plaintiffs are required to produce all pharmacy records regarding the dispensation of medication and certain medical records. Third, plaintiffs are required to submit a signed affidavit attesting that all the records required under CMO 78 were collected and produced. Finally, Sections II.D. and E. of CMO 78 require that plaintiffs timely produce certain expert reports.

Plaintiffs are not in compliance with the deadlines associated with one or more of the above CMO 78 requirements and seek to extend the same. However, CMO 78 provides that, other than certain cure periods permitted in the event a plaintiff fails to comply with the applicable deadlines, "no other extensions will be granted."[3] The Court expects strict compliance with CMO 78. Accordingly, the motion to extend CMO 78 deadlines is **DENIED**.

BIPI states its first notice that this case was not an opt-in was the plaintiffs' motion to extend CMO 78 deadlines (because no certification was ever filed).

---

[3] CMO 78 states, in relevant part as follows: (1) as to Section I, "[a]ny Plaintiff who fails to fully comply with the requirements of Paragraphs A, B, and C above shall be provided notice of such failure by email or fax from Defendants' counsel and shall be provided fourteen (14) additional days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted unless agreed to by all parties" and (2) as to Section II, any plaintiff who fails to comply "shall be given notice of such failure by email or fax from Defendants' counsel and shall be provided twenty (20) additional days to cure such deficiency ("Cure Period") to be calculated from receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted" (Doc. 519). BIPI is opposed to the pending request to extend the deadlines under CMO 78.

Accordingly, on October 16, 2014 (the date the motion for extension was filed), BIPI sent a deficiency letter as required under CMO 78 (Doc. 5-2). Receipt of the deficiency letter by plaintiffs' counsel triggered the start of the applicable cure periods set forth in CMO 78.

If plaintiffs fail to cure the CMO 78 deficiencies within the applicable cure periods set forth in CMO 78, BIPI may file a motion, in accord with CMO 78, to show cause why the case should not be dismissed with prejudice for failure to comply with CMO 78. Upon the filing of the motion, plaintiffs shall have "twenty (20) days to respond to the Motion and show good cause why the case should not be dismissed. Any failure to respond to the Motion within the specified period shall lead to the dismissal of the case with prejudice" (MDL 2385 Doc. 519 §§ I.D., II.G.).

### IV. CONCLUSION

For the reasons stated herein, the Court finds as follows:

- Plaintiffs' motion for extension of deadlines under CMO 78 is **DENIED**. The Court requires strict compliance with the provisions of CMO 78.

- BIPI's motion to show cause why the action should not be dismissed with prejudice for failure to comply with the certification requirements of CMO 76 is **DENIED**, with leave to refile in accord with the provisions set forth in CMO 76.

- Plaintiffs are reminded that their action will be subject to dismissal WITH prejudice in accord with the provisions of CMO 78 for failure to comply with the requirements of CMO 78.

**IT IS SO ORDERED.**

Signed this 30th day of October, 2014.

*/s/ David R. Herndon*

David R. Herndon
2014.10.30
14:16:41 -05'00'

**United States District Court**