UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION | 3:12-MD-02385-DRH-SCW<br><br>MDL NO. 2385<br><br>CHIEF JUDGE DAVID R. HERNDON |

*THIS DOCUMENT RELATES TO:*

| | |
|---|---|
| LEIGH ANN WIRAM, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BRENDA SMART, ET AL.,<br><br>PLAINTIFF,<br><br>VS.<br><br>BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL.,<br><br>DEFENDANTS. | CASE NO. 3:14-CV- 50130-DRH-SCW |

**DEFENDANT BOERHINGER INGELHEIM PHARMACEUTICALS, INC.'S MOTION TO SHOW CAUSE WHY PLAINTIFF'S COUNSEL SHOULD NOT BE DISQUALIFIED FROM REPRESENTING PLAINTIFFS**

Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") submits this Motion to Show Cause why Plaintiffs' counsel should not be disqualified from representing Plaintiff for failure to file an Initial Claimant Identification Certification as required by Case Management Order 76 – Initial Claimant Identification Certification Order.[1] Defendant also requests that the

---

[1] Although named in the caption, Boehringer Ingelheim International GmbH was never served with the Complaint in this case.

1

Court disqualify Plaintiff's counsel from representing the Plaintiff in this case if good cause for the non-compliance is not shown.

    **A.    A Show Cause Order Should Be Entered for Plaintiff's Failure to File an Initial Claimant Identification Certification As Required by CMO 76.**

On February 7, 2014, this case was directly filed into MDL 2385 *In Re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation.* [Doc. No. 2] On May 29, 2014, the Court entered CMO 76 - The Initial Claimant Identification Certification Order in MDL 2385. CMO 76 requires that within seven (7) days of the entry of the Order, counsel of record in a case pending before this Court shall certify "the identities of the plaintiffs, civil action numbers and jurisdiction of each case filed by said counsel" and file an Initial Claimant Identification Certification form with the Court. Such certifications were "essential to the orderly settlement and further administration of these cases, as the certifications formed the basis of the information used by the settlement administrator and counsel to identify the universe of cases, including any cases that did not ultimately opt-in to the settlement. Any cases that were certified and that did not opt-in were required to meet the requirements of CMO 78, and if they did not, were provided deficiency notices as contemplated by CMO 78." [Court's 10/30/14 Order denying Extension to CMO 78 deadlines, Doc. No. 6].[2] Consequently, CMO 76 provides that in the event a person claiming a Pradaxa injury has retained counsel and said counsel fails to certify the claim pursuant to CMO 76, "said counsel shall, upon Motion by Defendants, show cause within 21 days thereafter, as to why said counsel failed to comply with this Order, and therefore should not be disqualified from representing such Pradaxa Claimants for a failure to accurately include such person within the Registration Certification ordered herein." (CMO 76, Sec. 3(a)).

---

[2] On November 5, 2014, counsel for plaintiff provided an affidavit of CMO 78 compliance, medical records, a plaintiff fact sheet, and two expert reports signed by William Strauss, M.D. While still analyzing these materials, BIPI notes that the expert reports appear deficient under the requirements of Rule 26 and CMO 78.

It is well within this Court's authority to disqualify Plaintiff's counsel for failing to comply with CMO 76. The goal of the MDL process under 28 U.S.C. § 1407(a) is to "promote the just and efficient conduct" of civil actions pending in different districts, to allow them to proceed to resolution with less burden and expense than if each were litigated individually. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2009)(affirming court dismissal of certain plaintiffs' actions with prejudice for failure to comply with case management order setting forth a framework for streamlined discovery). A district court tasked with the responsibility for administering the enormous number of cases in an MDL setting "must have discretion to manage them that is commensurate with the task." *Id*. at 1231. Coordination of the numerous parties and claims requires that a district court be given "broad discretion to structure a procedural framework for many cases as a whole, as well as individually, more so than in an action involving only a few parties and a handful of claims." *Id*. MDL courts must set schedules and firm deadlines if the cases are to move forward in an efficient manner. *Id.* at 1232 (*citing Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 172, 110 S.Ct. 482 (1989)); *See also, In re Asbestos Products Liability Litigation (No. VI)*, 718 F.3d 236, 246 (3rd Cir. 2013)(affirming dismissal of dozens of cases for failure to provide sufficient submissions under MDL administrative orders with respect to exposure history and failure to show product-related impairment). Multi-district litigation is viewed as a "special breed of litigation which is bigger than the sum of its parts," requiring that district courts be given "broad discretion" to keep the parts in line. *In re Asbestos Products,* 718 F.3d at 247 (quoting *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.,* 460 F.3d at 1232). "Case management orders are the engine that drives disposition on the merits." *Id.*

The Federal Rules permit harsher relief—such as outright dismissal—than BIPI is requesting under CMO 76. Federal Rule of Civil Procedure 16(f) permits courts to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal. Rule 37(b)(2)(A)(v) allows dismissal for failure to comply with discovery plans and orders, and Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of the court. The United States Supreme Court has recognized that dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro Hockey Club, Inc.* 427 U.S. 639, 643 (1976).

In this case, Plaintiff's counsel was well aware of the CMO and its requirements. All parties are prejudiced where a Plaintiff ignores an order intended to move thousands of cases forward in an efficient manner. Indeed, prejudice from delay is presumed. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 460 F.3d at 1236 (*citing In re Elsen*, 31 F.3d 1447, 1452-1453 (9th Cir. 1994)). The objectives of CMO 76 cannot be accomplished where the Court is required to warn each plaintiff individually—in addition to the express dictates of CMO 76—that failure to comply with Court Orders will result in disqualification from representation.[3]

Since Plaintiff failed to comply with CMO 76, this matter was not identified as a case that had not opted-in to the settlement until Plaintiff's filing of their Motion to Extend the Deadlines. Because of the non-compliance with CMO 76, this case remained hidden from the extensive settlement mechanisms for over four months, and now—as payments are about to begin from the settlement fund and the litigation is wrapping up—the parties and the Court must

---

[3] Of the more than 2,000 cases that were on file in the MDL when CMO 76 was entered, this is the only case that was not certified and counsel subsequently indicated an intent to prosecute the case after the initial deadlines under CMOs 76 and 78 expired.

direct attention to a case that should have been certified and addressed months ago. Where the claimant himself prevents his own case from moving forward, public policy favoring resolution on the merits cannot weigh in the claimant's favor. *In re Asbestos Products,* 718 F.3d at 248 (affirming dismissal for failure to comply with administrative order to provide exposure history which prevented court from being able to determine whether claims were meritorious); *In re Phenylpropanolamine (PPA) Products Liab. Litig.,* 460 F.3d at 1234 (*citing In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996) and *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)).

Enforcing the terms of Court Orders necessary to the prompt and efficient resolution of complex litigation is not a "scorched earth" tactic. It is a necessary mechanism in administering and ultimately winding down a comprehensive, Court-ordered process in which Plaintiff failed to participate as required. Accordingly, Defendant requests that the Court enter a show cause order and disqualify Plaintiff's counsel from representing Plaintiff in this action if good cause is not shown for the non-compliance with CMO 76.

Respectfully submitted, this the 7th day of November, 2014.

>/s/ Eric E. Hudson
>Eric E. Hudson (TN #022851)
>BUTLER SNOW LLP
>6075 Poplar Avenue, Suite 500
>Memphis, TN 38119
>Phone: (901) 680-7200
>eric.hudson@butlersnow.com
>
>Paul W. Schmidt (DC #472486)
>COVINGTON & BURLING LLP
>1201 Pennsylvania Avenue NW
>Washington, D.C. 20004
>Phone: (202) 662-6000
>pschmidt@cov.com

Dan H. Ball (#6192613)
B<small>RYAN</small> C<small>AVE</small> LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Phone:  (314) 259-2000
dhball@bryancave.com


*Attorneys for Defendant Boehringer Ingelheim
Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.1 and Case Management Order No.1, Paragraph 5, I hereby certify that a copy of the foregoing document was filed through the Court's ECF system. Notice of this filing will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: November 7th, 2014

*/s/ Eric E. Hudson*
Eric E. Hudson